UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT KYLES, JR., #152595,       )
    Petitioner,                              )
                                                    )  No. 1:14-cv-1082
-v-                                                  )
                                                    )  HONORABLE PAUL L. MALONEY
WILLIE O. SMITH,                          )
    Respondent.                            )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

    Petitioner Albert Kyles, Jr., a prisoner under the control of the Michigan Department of Corrections, was convicted of second-degree murder in 1977. In October 2014, Kyles filed a habeas corpus action pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1.) On November 10, 2014, the magistrate judge issued a report and recommendation that recommended dismissing the petition because it is time-barred under 28 U.S.C. § 2244(d). (ECF No. 6.) Specifically, the magistrate judge found that (1) the petition was untimely because it was not filed within one year of the enactment of AEDPA; (2) Petitioner's collateral motion filed in 2013 did not "restart the clock;" (3) petitioner failed to raise the issue of equitable tolling and equitable tolling is not warranted simply because Petitioner is untrained in the law, did not have the assistance of a lawyer, or may have been unaware of the statute of limitations; and (4) Petitioner did not claim that he is factually innocent or provide the required new evidence to excuse the procedural bar found in 28 U.S.C. § 2244(d).

    This matter is before the Court on Petitioner's objections to the R&R. (ECF No. 7.) In the objections, Petitioner claims that he is actually or factually innocent, and thus his petition should be

1

considered timely due to equitable tolling. Although actual innocence is a way to excuse the procedural bar rather than a basis for equitable tolling, the Court will construe Petitioner's objection to pertain to both the equitable tolling and actual innocence portions of the R&R.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner raises the actual innocence and equitable tolling arguments for the first time in his objections. Absent compelling reasons, parties may not raise new arguments or issues before the district court that were not presented to the magistrate. See *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000); see also *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). However, even if these arguments were properly before the Court, the Court finds the remainder of the R&R accurately states the relevant facts and correctly applies the applicable law. Kyles has not identified any defect in the R&R, nor

has he met his burden to show that he is entitled to equitable tolling or that he is actually innocent.

Accordingly, Petitioner's objections (ECF No. 7) are **OVERRRULED**. The Report and Recommendation (ECF No. 6) is **ADOPTED** as the opinion of this Court. Petitioner's motion is **DISMISSED** as time-barred. A certificate of appealability is **DENIED** because reasonable jurists would not debate whether this petition is time-barred.

**IT IS SO ORDERED.**


Date:  March 3, 2015                              /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge